# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATINA JENNINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CV-794-CVE-TLW |
| | ) |
| DOLLAR TREE STORES, INC., a | ) |
| Foreign For Profit Business Corporation, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT DOLLAR TREE STORES INC.'S
### RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

Defendant Dollar Tree Stores, Inc. ("Dollar Tree") hereby submits its Response to the Motion in Limine filed by Plaintiff Katina Jennings ("Plaintiff"). In response to Plaintiff's Motion, Dollar Tree states as follows:

### INTRODUCTION

Plaintiff's Motion requests that the Court prohibit Dollar Tree[1] from presenting evidence or introducing testimony related to: (1) Plaintiff's 1992 felony charge for knowingly concealing stolen property; and (2) Plaintiff's previous evictions from several rental apartments. Plaintiff's rationale in requesting such an order is premised on Rules 401, 402, and 403 of the Federal Rules of Evidence. "Relevant evidence" is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 excludes evidence which is not relevant and Rule 403 excludes otherwise relevant evidence when its

---

[1] In addition to Dollar Tree Stores, Inc., Plaintiff improperly names Dollar Tree Management, Inc., and Dollar Tree Distribution, Inc., as Defendants in this lawsuit. As Plaintiff is aware, Dollar Tree Management and Dollar Tree Distribution are improper parties and have previously been dismissed from this lawsuit.

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

## SUMMARY OF RELEVANT FACTS[2]

Dollar Tree is a single price point ($1.00) discount variety store chain carrying a broad assortment of goods. Plaintiff is a former Dollar Tree employee who claims that she was terminated from employment on the basis of her race, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Plaintiff also alleges that her discharge supports a claim against Dollar Tree for intentional infliction of emotional distress. Plaintiff, whose race is African-American, was the Store Manager of the Dollar Tree store at 51st and Harvard in Tulsa, Oklahoma. Her employment was terminated after an on-site investigation was conducted into three missing cash incidents at her store within a 30-day period. During the on-site investigation, Plaintiff admitted that she put a bank deposit of nearly $880 in an unlocked filing cabinet instead of the store safe, as required by Dollar Tree's policy. The money was never deposited into Dollar Tree's bank account and remains a loss, a loss that represents approximately 880 items of merchandise. Plaintiff's employment was terminated for failing to protect company assets.

The three incidents involving missing cash deposits occurred between mid-October and early November 2008. A robbery occurred on October 13, during which $884.78 was stolen from the store's safe. Assistant Manager Kristy Crouch ("Crouch") was the victim of the robbery, which was reported to the Tulsa Police Department, yet there was some suspicion that Crouch may have been involved in fabricating the robbery for the purpose of taking the money in

---

[2] Plaintiff's Motion in Limine contains inaccurate factual representations, including, *inter alia*, Plaintiff's assertion that Assistant Manager Kristy Crouch stole a deposit and "faked a robbery," then deposited the missing money into the bank several days later. As discussed below, while there was suspicion that Crouch was involved in the robbery for her own personal benefit, this allegation was investigated by both Dollar Tree and the Tulsa Police Department, but it was not confirmed. Crouch made an unrelated deposit approximately four days after it was scheduled, but the deposit stolen in the robbery was not recovered or deposited. Plaintiff also misstates the timeline related to Plaintiff's termination. Plaintiff was terminated more than two weeks after the third incident involving a missing store deposit in less than one month.

the store's safe for personal use. This suspicion was investigated, both by Dollar Tree and by the police, but it was never confirmed. After the robbery, Dollar Tree learned that Crouch failed to take the (unrelated) October 12 bank deposit in the amount of $538.06 to the bank and waited until October 15 to make the deposit. The last incident occurred on November 3 when Plaintiff prepared a deposit slip for $879.17 and verified that it had been taken to the bank, yet the money was never deposited to Dollar Tree's bank account. That deposit has never been recovered.

## ARGUMENT[3]

### A. Evidence of Plaintiff's Recent Apartment Evictions is Relevant and Should Not Be Excluded.

Plaintiff seeks an Order excluding evidence of her previous evictions from various rental properties in the past several years. Such evidence is clearly relevant to the instant lawsuit. Three separate incidents of missing store deposits occurred under Plaintiff's supervision within a 30-day period. Many of the evictions Plaintiff seeks to exclude occurred during the time period in which Plaintiff was employed by Dollar Tree. These evictions are evidence that Plaintiff was having money troubles and could not afford to pay her rent around the time of the missing deposits prior to her termination. These evictions also show that Plaintiff was distracted while carrying out her responsibilities as Dollar Tree store manager. Thus, evidence of Plaintiff's evictions is directly relevant to Dollar Tree's legitimate nondiscriminatory reasons for terminating her.

Additionally, Plaintiff makes the general allegation that such evidence should also be excluded on the basis that it is unduly prejudicial. Plaintiff fails to provide any details or argument in support of this claim. Even if she did, however, as discussed above, this evidence is

---

[3] Dollar Tree does not oppose the portion of Plaintiff's Motion in Limine regarding her 1992 felony charge, and therefore concedes to the exclusion of that evidence.

directly related to the validity of Plaintiff's claims and Dollar Tree's defenses thereof and it is important and relevant evidence for the jury to hear.

Further, decisions regarding the relevance of evidence are best made during the trial and the Court should take Plaintiff's Motion under advisement and defer its ruling until that time. "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence…and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed." *Wilkins v. KMart Corp.*, 487 F.Supp.2d 1216, 1218 (D.Kan. 2007) (internal and other citations omitted).

## **CONCLUSION**

For the above and foregoing reasons, Dollar Tree opposes the exclusion of evidence related to Plaintiff's evictions from various apartments and respectfully requests that the Court deny Plaintiff's Motion in Limine with regard to such evidence.

Respectfully submitted,

/s/ David R. Cordell
David R. Cordell, OBA #11272
Nancy E. Vaughn, OBA #9214
Rebecca D. Stanglein, OBA #22723
CONNER & WINTERS, LLP
4000 One Williams Center
Tulsa, OK 74172-0148
(918) 586-8995
(918) 586-8695 fax

ATTORNEYS FOR DEFENDANT,
DOLLAR TREE STORES, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of September, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of electronic Filing to the following ECF registrants:

Daniel E. Smolen
Donald E. Smolen
Lauren G. Lambright
701 South Cincinnati Avenue
Tulsa, OK 74119

                                                  /s/ David R. Cordell
                                                  David R. Cordell